IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

MAY 24 2016

Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>YURI CHACHANKO,<br><br>Defendant. | Cause No. CR 05-52-BLG-SPW<br><br>ORDER DENYING<br>MOTION FOR COUNSEL |

On May 16, 2016, Defendant Chachanko submitted a brief statement asking the Court to appoint counsel for the purpose of determining whether his sentence should be reduced under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015).

Counsel must be appointed "when the case is so complex that due process violations will occur" unless counsel is appointed, *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)). Counsel may be appointed if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look*, 718 F.2d 952, 954 ¶ 2 (9th Cir. 1983) (per curiam).

1

There is little room to doubt that the issues under both 28 U.S.C. § 2255 and the Supreme Court's decision last June in *Johnson* are complex. But the Court finds the appointment of counsel is neither required nor in the interests of justice, because Chachanko is not entitled to relief under *Johnson*.

Chachanko was convicted of using or carrying a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A). The predicate crime of violence was a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and (b)(1). *See* Plea Agreement (Doc. 47) at 2 ¶ 4, 3-4 ¶ 6(B), (C), 5 ¶ 8; Judgment (Doc. 79) at 1. Chachanko admitted brandishing a firearm in the course of robbing a casino.

Part of Congress's definition of a "crime of violence" under § 924(c) involves a residual clause that may be invalid under the logic of *Johnson*. *See* 18 U.S.C. §§ 924(c)(3)(B), (e)(3)(B); *Johnson*, 135 S. Ct. at 2557. But another part of Congress's definition of a "crime of violence" under § 924(c) is more pertinent to Chachanko's case.

18 U.S.C. § 924(c)(3)(A) defines a "crime of violence" as, in part, a felony crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

The Hobbs Act provides, in pertinent part:

> **(a)** Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in

2

commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

**(b)** As used in this section—

**(1)** The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(a), (b)(1).

Taking the "least-acts-criminalized" approach, *see Moncrieffe v. Holder*, __ U.S. __, 133 S. Ct. 1678, 1684 (2013), a person might commit a Hobbs Act robbery by telling the owner of a casino (a business engaged in interstate commerce) that he must give the person all the cash on hand or the person will use his house key to scratch the casino owner's brand new car.[1] In the given scenario, the robber puts the casino owner in fear of future injury to his property. It is hardly robbery at gunpoint; but even this comparatively minor and attenuated threat would fit the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(A). Mere touching of the new car, even with a key, will not injure the property; the new car

---

[1] Obviously, the person who does this is not guilty of "using or carrying a firearm during and in relation to" a crime of violence, but the element under discussion here is "crime of violence," not "using a carrying a firearm," etc.

3

can be damaged only by applying the key with physical force, that is, "force capable of causing . . . injury." *Johnson v. United States*, 559 U.S. 133, 140 (2010);[2] *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 853-54 (9th Cir. 2013) (applying definition of "force" in *Johnson* (2010) to 18 U.S.C. § 16(a), which is identical to § 924(c)(3)(A)). Yet by threatening to "key" the casino owner's new car, the robber has met all the elements of a Hobbs Act robbery.

Ergo, even the least Hobbs Act robbery requires the prosecution to prove an element of "use, attempted use, or threatened use of physical force against the person or property of another." *See, e.g., United States v. Smith*, No. 2:11-CR-58-JAD-CWH, 2016 WL 2901661 at * 4-*6 (D. Nev. May 18, 2016) (contrasting Hobbs Act robbery, a "crime of violence" under § 924(c)(3)(A), with conspiracy to commit Hobbs Act robbery, which is not a crime of violence under § 924(c)(3)(A) and also cannot, after *Johnson* (2015) and *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015), be deemed a crime of violence under the residual clause, § 924(c)(3)(B)). Chachanko pled guilty to a Hobbs Act robbery and to using or carrying a firearm during and in relation to it. He is not entitled to relief under *Johnson* (2015). His motion for counsel will be denied.

If this decision should be reversed on appeal, the Court intends to recharacterize Chachanko's motion for counsel as a motion under 28 U.S.C. §

---

[2] Note that this is a different decision, though it has the same name as the 2015 case holding the residual clause of the Armed Career Criminal Act unconstitutionally vague.

4

2255. There is no need to do that at this time, however, because the Court holds only that counsel will not be appointed to represent Chachanko.

To whatever extent a certificate of appealability might be required when a defendant has been denied the appointment of counsel to prepare a § 2255 motion, a COA is denied. The Court concludes that Chachanko cannot show that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2).

If Chachanko still wishes to proceed with a motion under 28 U.S.C. § 2255, he may file a motion *pro se*. Alternatively, he may appeal this decision. But the Court does not believe *Johnson* will apply to his case.

Accordingly, IT IS HEREBY ORDERED that Chachanko's motion for the appointment of counsel (Doc. 89) is DENIED. To the extent a certificate of appealability is required, it is DENIED.

DATED this 23rd day of May, 2016.

Susan P. Watters
United States District Court