DAVID F. NESS
Assistant Federal Defender
Federal Defenders of Montana
104 2nd Street South, Suite 301
Great Falls, Montana 59401
david_ness@fd.org
Phone: (406) 727-5328
Fax: (406) 727-4329

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-05-52-BLG-RFC-01 |
| Plaintiff/Respondent, | **Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255** |
| vs. | |
| YURI CHACHANKO, | |
| Defendant/Movant. | |

The Defendant-Movant, Yuri Chachanko, through his Counsel, David F. Ness, Assistant Federal Defender, and the Federal Defenders of Montana, files this Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.[1]

---

[1] The undersigned is aware that this Court has denied Chachanko's motion for appointment of counsel to present the claim presented in this motion. (Order, doc. 90). The Ninth Circuit, however, has scheduled oral argument in *United States v. Dominguez*, No. 14-10268. *Dominguez* raises the issue of whether "conspiracy ro commit Hobbs Act robbery, attempted Hobbs Act robbery, and Hobbs Act robbery"

1

# I. Recitals

1. The Defendant, Yuri Chachanko, moves to vacate, set aside, or correct a sentence imposed in the District of Montana, Billings Division, in Cause CR-05-52-BLG-RFC-01.

2. Yuri Chachanko is imprisoned at USP Atlanta in Atlanta, Georgia. His release date is December 23, 2043.

3. In April of 2005, Chachanko and his co-defendant, were named in a nine count Indictment. Chachanko was charged with Hobbs Act conspiracy in violation of 18 U.S.C. § 1951 (Count I), Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count II), carrying or using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count III), possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (Counts IV and V), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts VI and VII).

4. On December 2, 2005, Chachanko pled guilty to counts one, two and three of the Indictment. (Plea Agreement, doc. 47 at ¶ 4). This Court sentenced

---

are crimes of violence for purposes of 18 U.S.C. § 924(c). Oral argument is scheduled for Tuesday, July 7, 2016, in San Francisco.

With the statute of limitations set to expire on June 26, 2016, for *Johnson* claims, this motion is filed to preserve Chachanko's claim in the event the Ninth Circuit issues a favorable ruling in *Dominguez*. Chachanko is willing to stipulate to a stay pending the Ninth Circuit's ruling in that case.

Chachanko on May 19, 2006, to a term of 135 months each on counts one and two, and a mandatory consecutive term of 84 months on count three.

5. In light of the Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2251 (June 26, 2015) and *Welch v. United States,* 136 S.Ct. 1257 (2016), Hobbs Act robbery is no longer a crime of violence under 18 U.S.C. § 924(c)(3). Therefore, Chachanko's § 924(c) conviction, together with the resulting 7-year mandatory consecutive sentence, must be vacated. As explained more fully below, his currently imposed sentence must be vacated because it is a *per se* illegal sentence that was "imposed in violation of the Constitution or laws of the United States." As grounds for this motion, Chachanko states as follows.

## II. **Procedural Background**

6. On April 22, 2005, the Government filed a nine count Indictment in the District of Montana, Billings Division, alleging Hobbs Act conspiracy in violation of 18 U.S.C. § 1951 (Count I), Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count II), carrying or using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count III), possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (Counts IV and V), and felon in possession of weapons in violation of 18 U.S.C. § 922(g)(1) (Counts VI and VII). (Indictment, doc. 1).

7. On December 2, 2005, Chachanko pled guilty to counts one, two and

three of the Indictment.

8. As a result of his plea, Chachanko faced a guideline term of imprisonment on counts one and two of 108 to 135 months and a mandatory consecutive 7-year sentence on count three. (PSR at ¶¶ 92-93).

9. The Court sentenced Chachanko to a concurrent term of 135 months imprisonment on counts one and two, and 84 months on count three, with the term of imprisonment to run consecutively with the term imposed on counts one and two, for a total net sentence of 219 months. Following release from imprisonment, Chachanko must serve five years of supervised release. (Judgment, doc. 79).

10. Chachanko appealed his sentences. On April 18, 2007, the Ninth Circuit issued an unpublished memorandum opinion affirming the district court judgment. *United States v.* Chachanko, 2007 WL 1182478 (9th Cir. 2007)(unpublished).

### III. Basis for Relief

Under 28 U.S.C. § 2255(a), a defendant may move "to vacate, set aside or correct his sentence if it was imposed in violation of the Constitution or the laws of the United States." Chachanko is entitled to relief because, in light of *Johnson v. United States*, 135 S.Ct. 2251 (2015) and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir.

2015),[2] Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)(3). As a result, his sentence on the 924(c) count is illegal and unconstitutional.

A. **Introduction**

Section 924(c) provides mandatory minimum penalties for conduct involving a firearm in relation to a crime of violence. The term "crime of violence" is defined as a felony that:

(A) has as an element, the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*See*, 18 U.S.C. § 924(c)(3).

Courts generally refer to the first clause as the "force clause" and to the second clause as "the residual clause." In this case, Chachanko's § 924(c) conviction and sentence must be vacated because: (1) Hobbs Act robbery does not constitute a "crime of violence under the force clause, and (2) the residual clause is unconstitutionally vague following the Supreme Court's ruling in *Johnson*.

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's

---

[2] The Government filed a petition for certiorari in *Dimaya* on June 10, 2016. *Dimaya v. Lynch*, Supreme Court No. 15-1498.

(ACCA) residual clause – which is worded in slightly different terms than the residual clause in § 924(c)(3)(B) – is unconstitutionally vague.[3] In coming to this conclusion, the Court reviewed its precedent and noted that its decisions – which "tried to clarify the residual clause's meaning" – only demonstrated that it was inherently and irremediably vague.[4] *Johnson*, 135 S.Ct. at 2562-63. Finding ACCA's residual clause to be "vague in all its applications", *id.* at 2561, the Court held that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557. *see also, Welch v. United States*, 136 S.Ct. 1257, 1265 (2016)("The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence.").

As demonstrated below, the offense of Hobbs Act robbery cannot support a § 924(c) conviction because it does not qualify as a "crime of violence." It does not qualify as a crime of violence under the statute's force clause because it does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See,* 18 U.S.C. § 924(c)(3)(A). It does not qualify

---

[3] ACCA's residual clause is set forth at 18 U.S.C. § 924(e)(2)(B)(ii). It defines a "violent felony" as any felony offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

[4] *See, e.g., James v. United States*, 550 U.S. 192 (2007), *overruled by Johnson*, 135 S.Ct. at 2551; *Sykes v. United States*, ___ U.S. ___, 131 S.Ct. 2267 (2011), *overruled by Johnson*, 135 S.Ct. at 2551.

6

under § 924(c)(3)(B)'s residual clause because that clause is unconstitutionally vague.

Chachanko's motion is timely under 28 U.S.C. § 2255(f)(3) because it is filed within one year of *Johnson* – a ruling which established a "newly recognized" right that is "retroactively applicable to cases on direct review." *Welch*, 136 S.Ct. at 1265; *In re Hubbard,* No. 15-276, slip op. at 11-13 (4th Cir., June 8, 2016)(holding *Johnson* applies retroactively to sentencing guidelines). Therefore, Chachanko respectfully requests that the Court grant his § 2255 motion and vacate his § 924(c) conviction and sentence.

### B. Grounds for Relief

**The offense of Hobbs Act Robbery cannot support a § 924(c) conviction.**

    **1. In light of *Johnson*, a Hobbs Act robbery conviction cannot qualify as a crime of violence under § 924(c)(3)(B)'s residual clause because that clause is unconstitutionally vague.**

In *Johnson,* the Supreme Court held that ACCA's residual clause, is unconstitutionally vague because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson,* 135 S.Ct. at 2557. Therefore, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* The Court held the residual clause "vague in all its applications", *id.* at 2561, and

overruled its contrary decisions in *James* and *Sykes*. *Id.* at 2562-63; *see also, Welch*, 136 S.Ct. at 1265 ("The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence.").

*Johnson* applies to § 924(c)(3)(B)'s residual clause. *See, United States v. Bell*, 2016 WL 344749 (N.D. Cal. 2016); *United States v. Lattanaphom*, 2016 WL 393545 (E.D. Cal. 2016); *United States v. Luong*, 2016 WL 1588495 (E.D. Cal. 2016); *United States v. Edmundson*, 2015 WL 9311983 (D. Md. 2016); *United States v. Baires-Reyes*, 2016 WL 3163049 (N.D. Cal. 2016). In *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), the Ninth Circuit held that the identically worded definition of a "crime of violence" in the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(3)(F), is unconstitutionally vague. *Id.* at 1111. The INA defines a "crime of violence" by reference to the definition provided in 18 U.S.C. § 16(b). That provision, like § 924(c)(3), has a force clause and a residual clause – indeed, the provisions are identical. Both state:

(a) has as an element, the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*See,* 18 U.S.C. § 16; 18 U.S.C. § 924(c)(3).

8

Although the language, as incorporated into the INA, is not identical to that of ACCA's residual clause, the Ninth Circuit concluded that § 16(b) suffered from the same constitutional defect identified in *Johnson* and was therefore unconstitutionally vague. *Dimaya*, 803 F.3d at 1114-17; *see also, United States v. Vivas-Ceja*, 808 F.3d 719, 722023 (7th Cir. 2015)(same); *United States v. Gonzalez-Longoria,* 813 F.3d 225, 227 (5th Cir. 2016), *en banc reh'g granted by United States v. Gonzalez-Longoria,* 815 F.3d 189 (5th Cir. 2016). Because both statutes require a consideration of what kind of conduct the "ordinary case" of the crime involves, and both statutes left uncertainty about the amount of risk required, the Ninth Circuit reasoned that § 16(b), like ACCA's residual clause, produced too much unpredictability and arbitrariness to comport with due process. *Dimaya*, 803 F.3d at 1116-17.

The same is true of the residual clause in § 924(c)(3)(B), which the Ninth Circuit has recognized is "identical" to § 16(b)'s residual clause. *United States v. Amparo*, 68 F.3d 1222, 1226 (9th Cir. 1995); *Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1130 (9th Cir. 2012). For interpretive purposes, the Ninth Circuit has treated § 16(b) as the "equivalent" of § 924(c)(3). *Mendez,* 992 F.2d 1488, 1492 (9th Cir. 1992); *United States v. Amparo*, 68 F.3d 1222, 1226 (9th Cir. 1995). Several district courts – including three in the Ninth Circuit – have squarely held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. *See, United States v.*

*Luong*, 2016 WL 1588495 (E.D. Cal. 2016); *United States v. Bell*, 2016 WL 344749 (N.D. Cal. 2016); *United States v. Lattanaphom*, 2016 WL 393545 (E.D. Cal. 2016); *United States v. Edmundson*, 2015 WL 9311983 (D. Md. 2016); *United States v. Baires-Reyes*, 2016 WL 3163049 (N.D. Cal. 2016). This Court should likewise conclude that § 924(c)(3)(B) is unconstitutionally vague and cannot be used to support Johnson's § 924(c) conviction and sentence.

### 2. Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A)'s "force" clause.

As indicated above, in addition to the residual clause, § 924(c)(3) defines the term "crime of violence" to include any crime that "has as an element, the use, attempted use, or threatened use of physical force against the person or property of another." The Supreme Court's decision in *Johnson* does not affect this provision. Defendants who have predicate convictions that meet the definition of under § 924(c)(3)(A)'s "force clause" do not have a *Johnson* claim.

In order to determine whether an offense qualifies as a violent felony under § 924(c)(3)(A)'s force clause, courts must apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See, United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995); *United States v. Piccolo*, 441 F.3d 1084, 1086-87 (9th Cir. 1995)("[I]n the context of crime-of-violence determinations under § 924(c), our

10

categorical approach applies regardless of whether we review a current or prior crime."). The categorical approach requires courts to "look to the elements of the offense rather than the particular facts underlying the defendant's own [case]." *United States v. Dominguez-Maroyoqui,* 748 F.3d 918, 920 (9th Cir. 2014). In identifying the elements of a statute, courts consider the language of the statute and judicial opinions interpreting it. *Rodriguez-Castellon v. Holder,* 733 F.3d 847, 853 (9th Cir. 2013).

Because the categorical approach is concerned only with what conduct the offense necessarily involves, a court "must presume that the [offense] rest[s] upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder,* 133 S.Ct. 1678, 1684 (2013). If the elements of the offense "criminalize a broader swath of conduct" than the conduct covered by the generic federal definition, the offense cannot qualify as a crime of violence, even if the particular facts underlying the defendant's own case might satisfy that definition. *Bell,* 2016 WL 344749 at *5; *Dominguez-Maroyoqui,* 748 F.3d at 920. "[E]ven the least egregious conduct the statute [of conviction] covers must qualify." *United States v. Gonzales-Aparicio,* 663 F.3d 419, 425 (9th Cir. 2011).

When reviewing a "divisible" statute, a court may go beyond the categorical

11

approach and apply the "modified categorical approach." Under the modified categorical approach, a court may "examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps v. United States,* 133 S.Ct. 2276, 2284 (2013) 22. A statute is divisible when it contains "multiple, alternative elements of functionally separate crimes," rather than just "alternative means of committing the same crime." *Ramirez v. Lynch,* 810 F.3d 1127, 1134 (9th Cir. 2016). "[T]he key question [a court] must ask when determining a statute's divisibility is whether a jury would have to be unanimous in finding those separate elements." *Id.* at 1133.

To qualify as a crime of violence under § 924(c)(3)(A)'s force clause, an offense must require proof, as a necessary element, that the defendant used, attempted to use, or threatened to use physical force. *Johnson(Curtis) v. United States,* 559 U.S. 133 (2010). Force, in this context, refers to "violent force – that is, force capable of causing physical pain or injury to another person." *Id.* at 140. It must be intentionally applied, not just recklessly or negligently. *Leocal v. Ashcroft,* 543 U.S. 1, 12-13 (2004).

The question in this case is whether Hobbs Act robbery can support a conviction under § 924(c) for using a firearm in furtherance of a crime of violence. To qualify as a crime of violence under that statute's force clause, a Hobbs Act

robbery must require, as an element, the use, attempted use, or threatened use of violent physical force against a person or property. The Hobbs Act states:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

*See,* 18 U.S.C. § 1951(a).

Robbery, in turn, is defined by the Hobbs Act in the following terms:

> . . . the unlawful taking or obtaining of personal property from the person or presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone at the time of the taking or obtaining.

*See,* 18 U.S.C. § 1951(b)(1).

The Ninth Circuit has recognized that the Hobbs Act defines the crime using "several permutations, any one of which constitutes the same offense." *United States v. Mendez*, 992 F.2d 1488, 1490 (9th Cir. 1993). Here, the offer of proof identified the specific permutation as "the crime of interference with commerce as charged in Count II of the Indictment." Count II charged Chachanko with "includ[ing] persons at the Winner's Circle Casino . . . to part with property . . . by robbery." (Offer of Proof, doc. 50 at 2-3).

13

Hobbs Act robbery is not a crime of violence as defined by § 924(c)'s force clause.[5] In order to prove a Hobbs Act robbery under 18 U.S.C. § 1951(a), the government must show that: "(1) that the defendant either committed or attempted to commit a robbery; and (2) a nexus between the defendant's acts and interstate commerce. " *Stirone v. United States*, 361 U.S. 212, 218 (1960). Federal bank robbery under 18 U.S.C. § 2113(a) and Hobbs Act robbery are, for all intents and purposes, the same offense. *See, United States v. Holloway*, 309 F.3d 649, 651-52 (9th Cir. 2002)("It is impossible to violate the [federal bank robbery statute] without violating the Hobbs Act. Any offense under the FBRA is an offense included within the Hobbs Act.").

The elements of bank robbery are the use of force, violence, or intimidation to take or attempt to take any property in the custody of a financial institution. "Proof of these elements is also proof of robbery affecting interstate commerce in violation of the Hobbs Act." *Holloway*, 309 F.3d at 652. Therefore, in determining whether Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s force clause, it is useful to look to cases that interpret the federal bank robbery statute.

---

[5] In *Mendez*, a case that predates *Johnson* and *Dimaya* by more than twenty years, the Ninth Circuit held that conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(B)'s *residual clause*. *Id.* at 1491-92. As stated above, however, § 924(c)(3)(B)'s residual clause is unconstitutionally vague. Therefore, the analysis employed by the court in *Mendez* is no longer valid.

14

The federal bank robbery statute, 18 U.S.C. § 2113(a), does not have an element that requires the use or threatened use of *violent* physical force. Instead, § 2113(a) merely requires that a defendant take property through "intimidation." *See, United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000)("[O]ne of the elements of the offense is a taking 'by force and violence, or by intimidation.'"). The Ninth Circuit has defined "intimidation" very broadly, falling far short of the necessary violent physical force required by the Supreme Court in *Johnson(Curtis)* for an offense to qualify as a crime of violence. For example, a simple demand for money from a bank teller alone will support an unarmed bank robbery conviction. *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir, 1983)("Although the evidence showed that Hopkins spoke calmly, made no threats, and was clearly unarmed, we have previously held that 'express threats of bodily harm, threatening body motions, or the physical possibility of concealed weapon[s]' are not required for a conviction for bank robbery by intimidation.")(quoting, *United States v. Bingham*, 628 F.2d 548, 549 (9th Cir. 1980)); *see also, United States v. Balistreri*, 778 F.2d 1226, 1232 (7th Cir. 1985 (Hobbs Act violation predicated on the victim's fear of injury to his person).

Similarly, a conviction under the Hobbs Act can be based on conduct that is decidedly non-violent. In *United States v. Villalobos*, 748 F.3d 953 (9th Cir. 2014), for example, the Ninth Circuit upheld a Hobbs Act conviction that was predicated on

a threat to cooperate in a law enforcement investigation. And, in *United States v. Strum,* 870 F.2d 769 (1st Cir. 1989), the First Circuit held that a Hobbs Act violation can be based on a creditor's fear of non-payment. *See also, United States v. Rodriguez,* 925 F.2d 1049 (7th Cir. 1991)(upholding robbery conviction under § 2114 on evidence that the defendant grabbed a key chain with sufficient force to pull it off the victim's belt).

Further, the Ninth Circuit "has defined 'intimidation' under § 2113(a) to mean 'willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.'" *United States v. Selfa,* 918 F.2d 749, 751 (9th Cir. 1990)(quoting, *Hopkins,* 703 F.2d at 1103). But placing a person in fear of bodily harm does not necessarily entail the use or threatened use of violent physical force. The Fourth Circuit has "recognized that, to constitute a predicate crime of violence justifying a sentencing enhancement under the guidelines, a [predicate] offense must constitute a *use* or *threatened use* of violent force, not simply *result* in physical injury or death." *United States v. Torres-Miguel,* 701 F.3d 165, 169 (4th Cir. 2012).

For example, a defendant could commit bank robbery – and therefore Hobbs Act robbery – through intimidation by threatening to poison the teller, but this would not constitute the threatened use of violent physical force, even though it would result

16

in bodily harm to the teller. *Id.* at 168-69 (holding that California's criminal threats statute does not constitute a crime of violence because a "defendant can violate statutes like § 422(a) by threatening to poison another, which involves no use or threatened use of force."). Therefore, neither bank robbery nor Hobbs Act robbery require the use of threatened use of "force".

The second reason that Hobbs Act robbery does not qualify under the force clause is because it does not require the *intentional* use of physical force. In order for an offense to qualify as a crime of violence, an offense must have as an element the *intentional* use or threat of physical force. The Supreme Court first announced this rule in *Leocal*. In *Leocal,* the Court held that DUI is not a crime of violence under the force clause because the offense could be committed through mere negligence. *Leocal*, 543 U.S. at 9-10. Sitting en banc, the Ninth Circuit has interpreted *Leocal* to hold "that to constitute a federal crime of violence an offense must involve the intentional use of force against the person or property of another." *Fernandez-Ruiz v. Gonzales,* 466 F.3d 1121, 1132 (9th Cir. 2008)(holding that to qualify as a crime of violence under the force clause, "the underlying offense must require proof of an *intentional* use of force"). Therefore, in order to qualify as a crime of violence under § 924(c)(3)(A), the offense must require the intentional use or threat of force.

Hobbs Act robbery, however, does not require that a defendant intentionally

use or threaten force. Specifically, a defendant may be convicted of committing such a robbery through "intimidation," even absent any proof that he intended to intimidate the victim. Indeed, the Ninth Circuit has expressly held that a defendant's intent to intimidate is not an element of bank robbery. *United States v. Foppe*, 993 F.2d 1444, 1451 (9th Cir. 1993)(holding that defendant was not entitled to jury instruction requiring proof of his specific intent to intimidate the bank teller). Instead of requiring proof that the defendant intended to intimidate the victim, the "determination of whether there has been an intimidation should be guided by an objective test focusing on the accused's actions." *Id.* Stated differently, a defendant may be convicted of a federal robbery even if he did not intend to put another person in fear of injury. Therefore, because Hobbs Act robbery lacks the intentional *mens rea* element required for a crime of violence, it cannot qualify as a crime of violence under § 924(c)(3)(A)'s force clause. *United States v. Cabrera-Perez*, 751 F.3d 1000, 1005 (9th Cir, 2014).

Because it does not include as a necessary element the intentional use or threatened use of force and violence within the meaning of *Johnson(Curtis)* and *Leocal*, a conviction for Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A).

### 3. Conclusion

Because § 924(c)(3)(B)'s residual clause is unconstitutionally vague and because Hobbs Act robbery does not necessarily require the use or threatened use of force, Chachanko's § 924(c) conviction and sentence should be vacated.

## IV. Conclusion

For the reasons set forth above, Chachanko's sentence "was imposed in violation of the Constitution or the laws of the United States." Chachanko is entitled to relief under 28 U.S.C. § 2255 and the sentence imposed in connection with his § 924(c) conviction should be vacated.

RESPECTFULLY SUBMITTED this 21st day of June, 2016.

DAVID F. NESS
Assistant Federal Defender
Counsel for Defendant/Movant

## CERTIFICATE OF SERVICE - L.R. 5.2(b)

I hereby certify that on June 21, 2016, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1 | CM-ECF |
| | Hand Delivery |
| 2 | Mail |
| | E-Mail |

1. CLERK, U.S. DISTRICT COURT
2. YURI CHACHANKO
Defendant/Movant

_____
DAVID F. NESS
Assistant Federal Defender