**BRYAN T. DAKE**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT 59403**
**119 First Ave. North, #300**
**Great Falls, MT 59401**
**Phone: (406) 761-7715**
**FAX: (406) 453-9973**
**Email: Bryan.Dake@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 05-52-BLG-SPW** |
| **Plaintiff/Respondent,** | |
| **vs.** | **UNITED STATES' MOTION TO DISMISS AND RESPONSE TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** |
| **YURI CHACHANKO,** | |
| **Defendant/Movant.** | |

### INTRODUCTION

The United States of America, by and through Bryan T. Dake, Assistant U.S.

Attorney for the District of Montana, hereby responds to Defendant Yuri

Chachanko's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (Doc. 93.)

Chachanko's claim relating to § 924(c) is time-barred and should not be addressed on its merits.  28 U.S.C. § 2255(f)(1).  Chachanko's claim is also improper because he failed to raise the issue on direct appeal.

Substantively, Chachanko asserts that the "residual" clause in § 924(c)(3)(B) is unconstitutionally vague in light of the holdings in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Dimaya v. Lynch,* 803 F.3d 1110 (9th Cir. 2015).  (Doc. 93 at 7-10.)  Chachanko further argues that Hobbs Act robbery under 18 U.S.C. § 1951(a) does not fall within the "force" clause of 18 U.S.C. § 924(c) to qualify as a crime of violence.  (Doc. 93 at 10.)

If the Court reaches the merits of his argument, the Court should deny his motion because Hobbs Act robbery "indisputably qualifies as a crime of violence." *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993); *United States v. Howard*, 2016 WL 3470070, *1 (9th Cir. June 24, 2016) (unpublished) (holding that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)).  Because Chachanko cites no relevant intervening authority overruling the Court's holding in *Mendez* that Hobbs Act robbery qualifies as a crime of violence, this Court is bound by that decision.  *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (*en banc*).  Because Hobbs Act robbery is a crime of violence under the

force clause, the residual clause, and therefore *Johnson* and its progeny, are not implicated.

## PROCEDURAL BACKGROUND

Chachanko was indicted on April 22, 2005 for seven of a nine count indictment, including, Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 and Carrying or Using a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c).

Chachanko pled guilty to three counts, including Hobbs Act Robbery, with a plea agreement, on December 2, 2005. (Doc. 47.) The plea agreement does not contain a waiver of appeal.

On May 19, 2006, Chachanko was sentenced to 219 months' imprisonment, with 135 months' on Counts I and II to run concurrent and 84 months' on Count II to run consecutive to Count I. Judgment was entered on May 24, 2006. (Doc. 138.)

Chachanko appealed his sentence. On May 14, 2007, the Ninth Circuit affirmed the district court's judgment. (Doc. 87.) On June 21, 2016, Chachanko filed a petition under 28 U.S.C. § 2255. (Doc. 93.) On June 22, 2016, the Court ordered the government to respond. (Doc. 94.)

//

//

**ARGUMENT**

**I. Chachanko's § 2255 petition is untimely.**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in order "to advance the finality of criminal convictions." *Mayle v. Felix*, 545 U.S. 644, 662 (2005). To accomplish that goal, AEDPA places strict time limitations on filing motions under § 2255. Section 2255(f)(1) contains a one-year period of limitation that runs from the date on which the judgment of conviction becomes final during which a prisoner may file a motion under § 2255.

Petitions under § 2255 requests may also be considered timely under 28 U.S.C. § 2255(f)(3), for filing within a year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Chachanko may argue that the *Johnson* decision was handed down on June 26, 2015, and is retroactive to cases on collateral review. *See Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). But *Johnson* does not involve 18 U.S.C. § 924(c), so Chachanko's claim does not implicate a right initially recognized in *Johnson*. That makes his motion untimely under § 2255(f)(3) as well.

Nowhere in the *Johnson* decision is § 924(c) mentioned. Chachanko asks this court to take the logic of *Johnson* and extend it to § 924(c). Unfortunately for

Chachanko, the triggering mechanism for extending the statute of limitations under 28 U.S.C. § 2255(f)(3) —a right newly-recognized by the Supreme Court— means that only the Supreme Court can extend *Johnson* to § 924(c) in a meaningful way for him. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) ("What Congress has said in [§ 2255(f)(3)] is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court.") (emphasis added); *E.J.R.E. v. United States*, 453 F.3d 1094,1098 (8th Cir. 2006) (decisions from courts of appeals cannot trigger § 2255(f)(3)). The Supreme Court has not taken a positon on *Johnson's* impact on § 924(c)'s residual clause or any impact it may have on collateral review. *See In re: Sherman Lamont Fields*, 16-50521 (5th Cir., Order of June 17, 2016).

Judgment was entered against Chachanko on May 24, 2006. On May 14, 2007, the Ninth Circuit affirmed the district court's judgment. Chachanko did not seek collateral relief and failed to file his petition until June 21, 2016. His petition is untimely.

## II. Chachanko's claim is procedurally barred because he failed to raise it on direct appeal.

Chachanko did not challenge whether conspiracy to commit a Hobbs Act robbery is a "crime of violence" at sentencing or on direct appeal. The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

Therefore, when a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless he can show (1) "cause excusing his procedural default and actual prejudice resulting from the errors of which he complains"; or (2) "that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012).

Chachanko cannot show cause to excuse his procedural default. Although cause may exist where a claim "is so novel that its legal basis is not reasonably available to counsel," the mere fact that a claim relies on new Supreme Court authority does not satisfy this requirement. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quotation omitted); *United States v. Barajas-Diaz*, 313 F.3d 1242, 1248 (10th Cir. 2002); *see also United States v. Watkins*, 45 F. App'x 838, 839 (10th Cir. 2002) (unpublished) (holding that claim based on intervening Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was not novel and, thus, procedurally defaulted); *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (holding that *Apprendi* claim was "available" and procedurally defaulted, even though "the *Apprendi* decision caused an about-face in our understanding of what constitutes an element of an offense"). Nor does it suffice that a particular legal argument was "futile," in the sense that it was "unacceptable to that particular court at that particular time." *Daniels v. United States*, 254 F.3d 1180, 1191 (10th

Cir. 2001) (quoting *Bousley*, 523 U.S. at 622)); *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001) ("[E]ven when the law is against a contention, a litigant must make the argument to preserve it for later consideration."). The question is "not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Daniels*, 254 F.3d at 1191.

Chachanko cannot show that a challenge to the residual clause of § 924(c) on constitutional vagueness grounds was so novel that it was not reasonably available on direct appeal. To the contrary, defendants were asserting that the residual clause was unconstitutionally vague long before *Johnson* was decided. *Ross v. United States*, 2016 WL 2642272, at *3 (W.D. Wis. May 6, 2016); *see, e.g.*, *United States v. Cowan*, 696 F.3d 706, 708-09 (8th Cir. 2012); *United States v. Mobley*, 687 F.3d 625, 632 n.7 (4th Cir. 2012); *United States v. Tichenor*, 683 F.3d 358, 366-67 (7th Cir. 2012). And a Supreme Court Justice had expressly welcomed such a claim under the ACCA. *Sykes v. United States*, 564 U.S. 1, 28 (2011) (Scalia, J., dissenting). Thus, Chachanko cannot establish cause excusing his failure to raise his claim on direct appeal. *Ross*, 2016 WL 2642272, at *3 (finding guidelines-based *Johnson* claim procedurally defaulted).

Chachanko also cannot show a "fundamental miscarriage of justice," and that exception is categorically inapplicable to Chachanko's claim. A "fundamental

miscarriage of justice" occurs only when the defendant is actually innocent.
*Murray v. Carrier*, 477 U.S. 478, 496 (1986); *McGaughy*, 670 F.3d at 1159.

However, "a defendant cannot be actually innocent of a noncapital sentence."
*United States v. Denny*, 694 F.3d 1185, 1191 (10th Cir. 2012) (quotation omitted).

Accordingly, "[t]he fundamental-miscarriage-of-justice exception to procedural
default does not apply to noncapital sentencing claims." *United States v. Blaze*, 78
F. App'x 60, 63 n.5 (10th Cir. 2003) (unpublished).

### III. Chachanko's Hobbs Act robbery conviction is a crime of violence under the "force" clause, therefore the "residual" clause and *Johnson* are not applicable.

Even if the Court were to find the defendant's Motion was procedurally
proper, it should nevertheless deny his Motion on the merits because Hobbs Act
robbery is a crime of violence under § 924(c)(3)(A). *United States v. Howard*,
2016 WL 3470070, *1 (9th Cir. June 24, 2016) (unpublished).

#### A. Statutory Framework

Section 924(c)(1) provides for an enhanced punishment for a defendant who
uses, carries, or possesses a firearm "during and in relation to any crime of
violence." 18 U.S.C. § 924(c)(1). The statute defines a "crime of violence" as a
felony that:

> (A) has as an element the use, attempted use, or threatened use of physical
> force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* at § 924(c)(3). Section 924(c)(3)(A) is referred to as the "force clause" of the statute, while section 924(c)(3)(B) is referred to as the "residual clause."

In this case, defendant was convicted of a violation of the Hobbs Act, 18 U.S.C. § 1951. That statute provides:

Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The statute defines "robbery" as:

the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

### B. Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s elements/force clause.

According to defendant, because the statutory language in the Hobbs Act permits a jury to find guilt for acts which do not constitute an intentionally

committed act of violent physical force, as purportedly required by the section 924(c)(3) force clause, Hobbs Act robbery cannot categorically be considered a "violent crime" under the § 924(c)(3) force clause. The defendant is wrong.

Hobbs Act robbery is a crime of violence under the § 924(c)(3)'s force clause. Congress defined Hobbs Act robbery as an offense involving the "taking or obtaining of personal property from the person or in the presence of another, against his will, by means of *actual or threatened force, or violence, or fear of injury*, immediate or future, to his person or property." See 18 U.S.C. § 1951(b)(1) (emphasis added). So by its very definition, this offense contains an element of the use or threatened use of force of violence, and thus, is a crime of violence for purposes of § 924(c). *See United States v. Pena*, __ F. Supp. 3d __ , 2016 WL 690746, at *8 (S.D.N.Y. Feb. 11, 2016) (finding that "the text, history, and context of the Hobbs Act compel a reading of the phrase 'fear of injury' that is limited to fear of injury from the use of force," thereby rejecting defendant's argument that Hobbs Act robbery is not covered by § 924(c)(3)).

Moreover, every court that has faced this issue—including the Ninth Circuit—has held that Hobbs Act robbery is a crime of violence under the force clause. Defendant's arguments that a robbery can be accomplished by non-violent physical force, or solely by intimidation, have no merit. Likewise, defendant's claim that Hobbs Act robbery lacks an intent requirement is unavailing.

### i. Hobbs Act robbery has long been treated as a predicate offense for § 924(c), and courts have overwhelmingly rejected arguments like defendant's after the Supreme Court's 2015 *Johnson* opinion.

Hobbs Act robbery has long been used as a predicate for § 924(c).  Indeed, the use of robbery offenses as predicates for § 924(c) has been deemed so straightforward that it has drawn no controversy—or even comment—in recent Supreme Court litigation.  *See, e.g.*, *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013); *United States v. O'Brien*, 560 U.S. 218, 222 (2010); *United States v. Dean*, 556 U.S. 568, 570 (2009).  Likewise, the Ninth Circuit has held "[r]obbery indisputably qualifies as a crime of violence."  *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993).

Moreover, when directly addressing the exact issue raised by the defendant here, as to whether Hobbs Act robbery is a crime of violence under the force clause of § 924(c)(3), the Ninth Circuit held that it categorically qualifies.  *United States v. Howard*, 2016 WL 3470070, *1 (9th Cir. June 24, 2016) (unpublished). The Ninth Circuit's holding is consistent with the overwhelming precedent from other circuit courts which have all uniformly held that a Hobbs Act robbery qualifies as a crime of violence under the force clause.  *In re Fleur*, __ F.3d __, 2016 WL 3190539, at *4 (11th Cir. June 8, 2016) (Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)); *In re Colon*, __ F.3d __, 2016 WL 3461009, at *4 (11th Cir. June 24, 2016) (aiding and abetting a Hobbs

Act robbery qualifies as a "crime of violence" under the § 924(c)(3)(A) use-of-force clause); *United States v. House*, __ F.3d __, 2016 WL 3144735, at *3 (8th Cir. June 6, 2016) (holding that Hobbs Act robbery has is categorically a crime of violence under § 924(c)(3)(A) because it has "as an element the use, attempted use, or threatened use of physical force against the person of another."); *United States v. McCallister*, 2016 WL 3072237, at *7 (D.D.C. May 31, 2016) (unpublished) ("Hobbs Act robbery categorically qualifies as a crime of violence under the force clause of section 924(c)(3)."); *United States v. Kennedy*, 133 F.3d 53, 58 (D.C. Cir. 1998) (Hobbs Act robbery is a crime of violence); *see also*, *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. Mar. 28, 2016) (bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3)); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("A defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery.").

Additionally, the defendant does not cite, nor has undersigned counsel's research revealed, a single case in which a court has held that Hobbs Act robbery was not a crime of violence. Indeed, even since *Johnson* was decided in June 2015, at least 32 district courts have directly considered this question and have all unanimously held that Hobbs Act robbery is a crime of violence under the force

clause.[1]  Like every court that faced this identical question, this Court should also hold that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A).  Because Hobbs Act robbery is categorically a crime of violence there is no need for further inquiry or analysis.

> ### ii.  Chachanko's argument that Hobbs Act robbery is not a crime of violence because it can be committed without "violent physical force" by "intimidation" is wrong.

Despite overwhelming precedent to the contrary, the defendant argues that the definition of a "crime of violence" under § 924(c) turns on the meaning of violent physical force.  He claims that Hobbs Act robbery does not meet such definition.  But, the Supreme Court has defined "physical force" as "*violent* force-- that is, force capable of causing physical pain or injury to another person*." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (Johnson (2010)) (emphasis in

---

[1] *United States v. Bailey*, 2016 WL 3381218, at *3 (C.D. Cal. June 8, 2016); *United States v. Smith*, 2016 WL 2901661, at *5 (D. Nev. May 18, 2016); *United States v. Reed*, 2016 WL 2892055, at *5 (W.D. La. May 16, 2016); *United States v. Johnson*, 2016 U.S. Dist. LEXIS 62364, at *6-7 (D. Nev. May 11, 2016); *United States v. Castillo*, 2016 U.S. Dist. LEXIS 58265  (C.D. Cal. May 2, 2016); *United States v. Williams*, 2016 WL 1555696, at *4-10 (D. Me. Apr. 15, 2016); *United States v. Coleman*, 2016 WL 1435696, at *3 (N.D. Ill. Apr. 12, 2016);  *United States v. Clarke*, 2016 WL 1110306, at *3 (D. Md. Mar. 22, 2016);  *United States v. Hancock*, 2016 WL 899239, at *5 (D. Md. Mar. 2, 2016); *United States v. Wheeler*, 2016 U.S. Dist. LEXIS 24541 (E.D. Wis. Feb. 29, 2016); *United States v. Pena*, 2016 WL 690746, at *5 (S.D.N.Y. Feb. 11, 2016); *Brown v. United States*, 2016 WL 787450, at *2 (E.D. Va. Feb. 9, 2016); *United States v. Collins*, 2016 WL 1639960, *28-31 (N.D. Ga. Feb. 9, 2016) *report and recommendation adopted by* 2016 WL 1623910, at *1 (N.D. Ga. Apr. 25, 2016); *United States v. Bennett*,  2016 WL 354753, at *5 (E.D. Va. Jan. 27, 2016);  *United States v. Crawford*, 2016 WL 320116, at *3 (N.D. Ind. Jan. 27, 2016) *United States v. Tsarnaev*, 2016 WL 184389 (D. Mass. Jan. 15, 2016); *United States v. Walker*, 2016 WL 153088 (E.D. Va. Jan. 12, 2016); *United States v. Wells*, 2015 U.S. Dist. LEXIS 176332 (D. Nev. Dec. 30, 2015); *United States v. Morgan*, 2015 WL 9463975 (E.D. Mich. Dec. 18, 2015) (Magistrate Judge's Recommendation); *Stewart v. United States*, 2015 WL 8752241 (M.D.N.C. Dec. 14, 2015); *United States v. Wilson*, 2015 U.S. Dist. LEXIS 175861 (E.D. Va. Dec. 8, 2015); *United States v. McDaniels*, 2015 WL 7455539 (E.D. Va. Nov. 23, 2015); *United States v. Anglin*, 2015 WL 6828070 (E.D. Wis. Nov. 6, 2015); *United States v. Brownlow*, 2015 WL 6452620 (N.D. Ala. Oct. 26, 2015); *United States v. Merinord*, 2015 WL 6457166 (E.D.N.C. Oct. 26, 2015); *United States v. Hunter*, 2015 WL 6443084 (E.D. Va. Oct. 23, 2015); *United States v. Evans*, 2015 WL 6673182 (E.D.N.C. Oct. 20, 2015); *United States v. Redmond*, 2015 WL 5999317 (W.D.N.C. Oct. 13, 2015); *United States v. Standberry*, 2015 WL 5920008 (E.D. Va. Oct. 9, 2015); *United States v. Mackie*, 2015 WL 5732554 (W.D.N.C. Sept. 30, 2015); *United States v. Melgar-Cabrerra*, 2015 U.S. Dist. LEXIS 145226 (D.N.M. Aug. 24, 2015).

original). In *Johnson* (2010), the Supreme Court also noted that a permissible definition of "physical force" is "[f]orce consisting in a physical act, esp[ecially] a violent act directed against a robbery victim." *Id.* at 139 ((quoting Black's Law Dictionary 717) (9th ed. 2009)). Certainly it makes little sense to accept that "physical force" may be defined through the force used to accomplish robbery but then hold that robbery fails to satisfy the definition of physical force.

Moreover, placing someone "in fear of injury, immediate or future" to his person or property necessarily requires the use or attempted use of "physical force" and thus satisfies the force clause. The phrase "fear of injury" must be read in context with the rest of the words of the Hobbs Act. *See Davis v. Michigan Dept. Of Treasury*, 489 U.S. 803, 809 (1989) ("[T]he words of a statute must be read in their context and with a view to their place in the overall statutory scheme."). The requirement that the taking be from the person or in his presence further supports the conclusion that a fear of injury means a fear of physical injury, which requires the threatened use of physical force. Any other interpretation would read the physical-proximity requirement out of § 1951(b)(1). *See Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253 (1992) (stating that "courts should disfavor interpretations of statutes that render language superfluous . . . ."). The legislative history of the Hobbs Act also supports this conclusion; the Act's robbery definition

is based on the traditional definition of robbery, which requires an intentional taking through the use of force or violence.

The defendant provides a hypothetical example of such a crime as threatening to poison another. (Doc. 93 at 16.) His hypothetical example falls short for at least three reasons. First, defendant's hypothetical goes directly against the Supreme Court's admonition that the categorical analysis "requires more than the application of legal imagination to a [] statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).[2] The Supreme Court further stated that, "[t]o show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id.*; *see also*, *United States v. Lawrence*, 627 F.3d 1281, 1287 (9th Cir. 2010). Chachanko does not do so here.

Second, defendant's argument is foreclosed by *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990). The Ninth Circuit has made clear that the court has defined "intimidation" under section 2113(a) to mean "willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of

_____

[2] The defendant's has not pointed to a single case where the government has actually charged a defendant with Hobbs Act robbery that was not alleged to have been committed by means of use, attempted use, or threatened use of physical force.

bodily harm." *Id.* at 751 *citing United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983) *cert. denied*, 464 U.S. 963 (1983) (definition is sufficient to meet the §4B1.2(1) requirement of a "threatened use of physical force."). *See also United States v. Maddalena*, 893 F.2d 815, 819 (6th Cir. 1989) ("The requirement that property be taken either 'by force and violence' or 'by intimidation' requires proof of force or threat of force as an element of the offense."); *see also, e.g.*, *United States v. McGuire*, 706 F.3d 1333, 1338 (11th Cir. 2013) ("It makes little difference that the physical act, in isolation from the crime, can be done with a minimum of force; we would not say that laying spikes across a roadway is a non-violent crime because laying something upon the ground is not a forceful act. It still involves an intentional act against another's property that is calculated to cause damage and that is exacerbated by indifference to others' wellbeing.").

Likewise, the defendant's poisoning example has been flatly rejected by the Supreme Court in *Castleman*. *United States v. Castleman*, __ U.S. __, 134 S.Ct. 1405, 1414–15 (2014). The Supreme Court rejected the reasoning applied in *Torres–Miguel* and the idea that force, if indirectly applied such as by the use of poison, is not physical force. *Id.*; *see also McDaniels*, 2015 WL 7455539, at *4–5; *United States v. Bell*, 2016 WL 344749, at *7–8 (N.D. Cal. Jan. 28, 2016); *United States v. Williams*, 2016 U.S. Dist. LEXIS 3143, at *5 (N.D. Cal. Jan. 7, 2016) (poisoning or starvation do involve physical force); *Walker*, 2016 WL 153088 at

*5 ("Put simply, common sense dictates that any 'fear of injury' flows from the fear of physical force.").  The Supreme Court further explained that, "[t]he use of force…is not the act of sprinkling the poison; it is the act of employing poison knowingly as a device to cause physical harm.  That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter."  *Castleman*, 134 S.Ct. at 1415.  In short, "[a] commonsense approach dictates that robbery by fear of injury requires, at minimum, the attempted or threatened use of force capable of causing physical pain or injury…an act or threatened act that engenders fear of injury necessarily implies force capable of causing physical pain or injury."  *Merinord*, 2015 WL 6457166 at *4; *see also*, *United States v. Pena*, __ F.Supp.3d __, 2016 WL 690746, at *10 ("Poison and hazardous chemicals are physical forces strong enough to cause injury, as is extreme heat.").

### iii. Hobbs Act robbery cannot be committed through accident, negligence, or recklessness.

Defendant also argues that Hobbs Act robbery does not qualify under the force clause because it does not require the intentional use of physical force.  (Doc. 93 at 16.)  To convict a defendant of robbery, the government must prove knowledge with respect to the *actus reus* of the crime.  *See Carter v. United States*, 530 U.S. 255, 269 (2000) (construing federal bank robbery statute).  As such, to convict a defendant of robbery, the government must prove that the defendant knew that he or she was taking property against the victim's will and that his or her

17

actions involved physical force or were otherwise objectively intimidating. *See*, 18

U.S.C. § 1951(b)(1); *see also* Ninth Circuit Pattern Jury Instruction, 8.142A Hobbs

Act—*Extortion Or Attempted Extortion By Nonviolent Threat* (18 U.S.C § 1951).

In *Taylor v. United States*, the Supreme Court highlighted the fact that Hobbs Act

robbery has recognized a degree of culpability higher than mere accident,

negligence, or recklessness. ___ U.S. ___ , 136 S. Ct. 2074, 2081 (2016). The

*Taylor* court found that, "[i]n order to obtain a conviction under the Hobbs Act for

the robbery or attempted robbery …the Government [must show] that a defendant

*knowingly* stole or attempted to steal…." *Id.* (emphasis added).

Likewise, the similar federal bank robbery statute includes an intent element.

The Supreme Court has explained that it is a general intent crime whose *mens rea*

requirement is satisfied only if the "defendant possessed *knowledge* with respect to

the *actus reus* of the crime (here, the taking of property of another by force and

violence or intimidation)." *Carter v. United States*, 530 U.S. 255, 268 (2000)

(emphasis added). In other words, a defendant charged with bank robbery under

§ 2113(a) must intentionally perform objectively intimidating actions in the course

of unlawfully taking the property of another. If a defendant robs a bank with

violence, the government need not prove a specific intent to cause pain or to induce

compliance. *Id.* Similarly, if a defendant robs a bank with intimidation, the

prosecution need not prove a specific intent to cause fear. *Id.* This does not mean

that the bank robbery was accomplished through "negligent or merely accidental conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (holding that the phrase "use…of physical force against the person or property of another" means a higher degree of intent than negligent or merely accidental conduct).

Defendant's argument is further undermined by *Selfa*. The *Selfa* court held that federal bank robbery statute, which may be violated by "force and violence, or by intimidation," qualifies as a crime of violence. *Selfa*, 918 F.2d at 751. The court explained that "intimidation" means willfully "to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm," which satisfies the requirement of a "threatened use of physical force." *Id.*; *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983) ("To take, or attempt to take, 'by intimidation' means wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm."); *United States v. Alsop*, 479 F.2d 65, 67, n.4 (9th Cir. 1973) (same).

Consistent with this reasoning, numerous district courts have rejected the identical argument made the defendant here that Hobbs Act robbery can be committed without the intent element. *See, e.g.*, *United States v. Walker*, 2016 WL 153088 (E.D. Va. Jan. 12, 2016); *United States v. Bailey*, 2016 WL 3381218, at *3 (C.D. Cal. June 8, 2016); *United States v. Pena*, 2016 WL 690746, at *11 (S.D.N.Y. Feb. 11, 2016). This Court should reject the defendant's implausible

hypothesis that a criminal can unlawfully obtain another person's property against their will by unintentionally placing the victim in fear of injury. Indeed, the defendant has failed to demonstrate any "realistic probability" that the accidental use of force would meet the elements of Hobbs Act robbery.

IV. **Because Hobbs Act robbery is categorically a crime of violence under the force clause, the Court need not decide whether the residual clause is unconstitutionally vague.**

*Johnson* has no impact on this case. The government addresses the defendant's vagueness argument in a consolidated fashion because the Court need not reach the issue. Should the Court decide Hobbs Act robbery is not a crime of violence under the force clause, and therefore addresses the issue under the residual clause, the government would be happy to provide the Court with additional briefing. But, in sum neither *Johnson* nor *Dimaya* impact the defendant's case.

In *Johnson*, the Supreme Court held that ACCA's residual clause, *i.e.*, the provision that defines a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), is vague and "violates the Constitution's guarantees of due process." *See Johnson*, 135 S. Ct. at 2563. But the residual clause of § 924(c)(3)(B) and the residual clause of ACCA contain very distinct provisions. Accordingly, § 924(c)'s residual clause does not reveal the same

constitutional defects as ACCA's residual clause, and § 924(c)(3)(B) can readily survive constitutional scrutiny under the due process principles reaffirmed in *Johnson*.

The reasons that convinced the *Johnson* Court to find ACCA's residual clause vague are not present in this case. Specifically, the Supreme Court determined that the residual clause left uncertainty concerning "how to estimate the risk posed by a crime." *Id.* at 2557. The Court expressed concern that the assessment was tied to considering risk in an "ordinary case," without accounting for "real-world facts or statutory elements." *Id.* The Court further considered "how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. The Court deduced that ACCA's structure "force[d] courts to interpret 'serious potential risk' in light of the four enumerated crimes, which was problematic because the degree of risk posed by the enumerated crime was 'far from clear.' " *Id.* The Supreme Court emphasized that its decision did not affect other statutes that used terms like "substantial risk" where those terms were not linked to "a confusing list of examples," such as the list of crimes enumerated before § 924(e)'s residual clause. *Id.* at 2561.

Moreover, the Ninth Circuit specifically extended the reasoning in *Johnson* to the immigration context through 18 U.S.C. § 16(b) in *Dimaya*. In *Dimaya* a divided panel held that the crime of violence definition contained in 18 U.S.C.

21

§16(b) was unconstitutionally vague in light of *Johnson*. *Id.* at 1120. The Ninth Circuit considered the language of § 16(b) as it was incorporated through an immigration statute. *See id.*; 8 U.S.C. § 1101(a)(43)(F). *Dimaya* concluded that the reasoning in *Johnson* "applies with equal force to the similar statutory language and identical mode of analysis used to define a crime of violence for purpose of the [Immigration and Nationality Act]." *Id.* at 1115. The opinion in *Dimaya* contained a limiting footnote stating that the "decision does not reach the constitutionality of applications of 18 U.S.C. § 16(b) outside of [immigration law's aggravated-felony provision.]" *Id.* at 1120, n. 17; *but see United States v. Hernandez-Lara*, 817 F.3d 651, 653 (9th Cir. 2016) (finding "no reason *Dimaya* does not control" the application of § 16(b) to a separate immigration related enhancement under USSG § 2L1.2(b)(1)(C)).

Indeed, *Johnson* and *Dimaya* do not invalidate Section 924(c)'s residual clause. *Johnson* addressed language in the ACCA broader than § 924(c) and considered the impact of ACCA's enumerated offenses. Section 924(c) also addresses conduct specifically described within a statute, not a general definition incorporated by reference, as analyzed in *Dimaya*. As such, the language in § 924(c) is appropriate and valid.

In fact, the Supreme Court has held that language identical to § 924(c)(3)(B) is narrower than language used in the ACCA's residual clause. *See Leocal v.*

*Ashcroft*, 543 U.S. 1, 10, n. 7(2004) (comparing 18 U.S.C. § 16(b) with USSG

§ 4B1.2(a)(2), which has the same language as the ACCA residual clause): *United*

*States v. Serafin*, 562 F.3d 1105, 1108-09 (10th Cir. 2009) ("§ 924(c)(3)(B) tracks

identical language contained in 18 U.S.C. § 16(b)" which is "narrower" than the

definition for crime of violence used in § 924(e) and USSG § 4B1.2).

Section 924(c) is more narrowly crafted than the ACCA. It focusses the

relevant risk on a narrower subject: the more specific risk that physical force will

be used during the offense, rather than the general risk that injury might arise from

anything done by the defendant. The latter risk covers a wider array of conduct

than the former. *Serafin*, 562 F.3d at 1109 (emphasizing language from *Leocal v.*

*Ashcroft*, 543 U.S. 1, 10 & n.7 (2004)). "Risk of physical force against a victim is

much more definite than risk of physical injury to a victim." *United States v.*

*Taylor*, 814 F.3d 340, 376-77 (6th Cir. 2016) (refusing to extend *Johnson* to

§ 924(c)). Section 924(c) also has a temporal component that § 924(e) is lacking.

The risk of physical force in § 924(c) has to happen "during the course of

committing the offense." *Serafin*, 562 F.3d at 1110. These various limitations on

§ 924(c) increases an offender's notice of what is a qualifying offense.

Furthermore, § 924(c)(3)(B) is distinguishable from §16(b) because

§ 924(c)(3)(B) is necessarily limited in its application to offenses that can only be

accomplished through possessing a firearm in furtherance of the offense.

18 U.S.C. § 924(c)(1)(A). The required nexus between the "crime of violence" and a firearm provides defendants with additional notice of circumstances that will and will not qualify as a crime of violence. In other words, unlike the ACCA's residual clause, in which the "substantial risk" inquiry related "to the possible effect of a person's conduct," the § 924(c)(3)(B) inquiry "relates to the use of force" "in the commission of the offense. *Leocal*, 543 U.S. at 7, 10. Thus, § 924(c)(3)(B) does not go beyond "the physical acts that make up the crime." *Johnson*, 135 S.Ct. at 2557.

The structure of § 924(c)(3)(B) also differs from ACCA by omitting a specific list of qualifying enumerated offenses. *Johnson* addressed problems with the ACCA that are not present in § 924(c)(3)(B), notably that the presence of enumerated offenses was a determinative factor in considering "uncertainty about how much risk it takes for a crime to qualify" under the residual clause and "forces courts to interpret 'serious potential risk' in light of the four enumerated offenses." *Johnson*, 135 S.Ct. at 2558 (citation omitted). In fact, the Supreme Court in *Johnson* distinguished other statutes requiring risk-based assessments in part because they did not "link[ ] a phrase such as substantial risk to a confusing list of examples." *Id.* No such concern is present in § 924(c)(3)(B) because there are no enumerated offenses in statute.

Similarly, the Supreme Court's "repeated" inability to develop a "principled and objective standard" for analyzing the residual clause of § 924(e) in *Johnson* provided "evidence of its vagueness." *Johnson*, 135 S. Ct. at 2558. Indeed, the Supreme Court has not failed to construe § 924(c)(3)(B) in a workable way. Likewise, the defendant has not shown the same degree of confusion by lower courts about § 924(c)(3)(B) as about ACCA.

Furthermore, §16(b) in *Dimaya* is similarly distinguishable from § 924(c)(3)(B) behind the statutory construction and function. Section 924(c)(3)(B) does not identify predicate convictions for the purpose of a recidivist enhancement, which is the purpose of the immigration statute at issue in *Dimaya*; instead, it establishes a *new* offense when the crime of violence is perpetrated with a sufficient nexus to a firearm. *Dimaya* addresses a general definition statute in the immigration context, different from the embedded nature of § 924(c)(3)(B). These limitations present in § 924(c) narrows the possible predicate offenses and alleviates vagueness concerns expressed in both *Dimaya* and *Johnson*.

Lastly, the defendant cannot bring a vagueness challenge because § 924(c)(3)(B) is not unconstitutionally vague as applied to him. Under *Shepard v. United States*, 544 U.S. 13, 16 (2005) certain documents (e.g. an indictment, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented) can be used to show Chachanko

25

was actually convicted of a crime of violence notwithstanding any broad language in the statute of conviction. *See also Descamps v. United States*, 133 S.Ct. 2276 (2013).

For all these reasons, § 924(c)(3)(B) is constitutional and *Johnson* has no impact. The defendant's motion should be denied.

## STATEMENT ON EVIDENTIARY HEARING

When considering a § 2255 motion, the district court shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A district court can forego an evidentiary hearing and instead rely on the record. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). Indeed, an evidentiary hearing is not required if Chachanko's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

The government asserts that a hearing is unnecessary to address Chachanko's petition.

## CONCLUSION

The Court should dismiss Chachanko's § 924(c) and *Johnson* claim as untimely, and barred for failing to raise the issue on direct appeal; or in the

alternative, deny his motion because Hobbs Act robbery is a crime of violence under the "force" clause.

DATED this 26th day of July, 2016.

MICHAEL W. COTTER
United States Attorney


/s/ *Bryan T. Dake*
Assistant U.S. Attorney
Attorney for Plaintiff/Respondent

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. LR 7.1(d)(2) and CR 47.2, I hereby certify that the foregoing document is proportionately spaced, has a typeface of 14 point or more, and the body of the brief contains 6,488 words.

DATED this 26th day of July, 2016.

MICHAEL W. COTTER
United States Attorney


/s/ *Bryan T. Dake*
Assistant U.S. Attorney
Attorney for Plaintiff/Respondent