
FILED
NOV 29 2017
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>YURI CHACHANKO,<br><br>Defendant/Movant. | Cause No. CR 05-52-BLG-SPW<br>CV 16-96-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This matter comes before the Court on Defendant/Movant Chachanko's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Chachanko seeks relief under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), which was made retroactive to final judgments by *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016).

## I. Procedural Background

On April 22, 2005, Chachanko was indicted in a nine-count indictment for violations of 18 U.S.C. §§ 1951, 924(c), 922(j) and 922(g)(1). *See* Plea Agreement (Doc. 47) at 2 ¶ 1.

Chachanko agreed to plead guilty to Counts 1, 2, and 3. Count 1 charged him with conspiring to obstruct or to attempt to obstruct interstate commerce by robbery of two casinos in violation of 18 U.S.C. § 1951. Count 2 charged him

1

with "unlawfully tak[ing] and obtain[ing] personal property" of the Winner's Circle casino "against its will by means of actual and threatened force, violence and fear of injury, immediate and future," to business property. Count 3 charged Chachanko with using or carrying a firearm during and in relation to a crime of violence, "to wit, a violation of 18 U.S.C. § 1951 as charged in Count II" of the indictment. *See id.* at 3-4 ¶ 6A-C.

The plea agreement recited the following elements:

Conspiracy to Violate the Hobbs Act, 18 U.S.C. § 1951

First, beginning on or about July 31, 2004, and ending on or about August 1, 2004, there was an agreement between two or more persons to commit robbery;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

Hobbs Act, 18 U.S.C. § 1951

First, that defendant induced persons at the Winner's Circle to part with property[;]

Second, that defendant did so knowingly and deliberately by robbery; and

Third, that in doing so, interstate commerce was obstructed, delayed or otherwise affected.

Use of a Firearm During a Crime of Violence, 18 U.S.C. § 924(c)

First, the defendant committed the crime of interference with commerce by threats or violence as charged in Count II of the indictment;

2

> Second, the defendant knowingly used a firearm; and
>
> Third, the defendant knowingly used a firearm during and in relation to the crime.

Plea Agreement (Doc. 47) at 5-6 ¶ 8; *see also* Offer of Proof (Doc. 50) at 2-3.

In exchange for Chachanko's guilty pleas to Counts 1, 2, and 3, the United States agreed to dismiss Counts 4, 5, 6, and 7. *Id.* at 2 ¶ 5. (Chachanko was not charged in Counts 8 and 9.) Chachanko pled guilty. *See* Minutes (Doc. 48).

On May 19, 2006, Chachanko was sentenced to serve 135 months on Counts 1 and 2, concurrently, and a consecutive seven-year term on Count 3, for a total prison term of 219 months. Minutes (Doc. 77); Judgment (Doc. 79) at 2.

Chachanko appealed a sentencing guideline issue. *See United States v. Chachanko*, No. 06-30331 (9th Cir. Apr. 18, 2007). His conviction became final on July 17, 2007. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Chachanko now seeks relief under the United States Supreme Court's recent decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). *See also Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1265 (2016) (holding that *Johnson* applies to cases already final when it was issued).

## II. Legal Background

### A. 18 U.S.C. § 924(e)

In *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015) ("*Johnson*" or "*Johnson II*"), the Supreme Court considered once again the meaning of a

3

provision in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA imposes a harsher sentence on a person convicted of a firearms offense if the person has three prior convictions for a violent felony or controlled substance offense. The Act defines a "violent felony" as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B). *Johnson* discussed only the italicized clause, commonly called the "residual" clause.

The Supreme Court found the residual clause so vague that it deprived defendants of fair notice of the consequences of their decisions and so loose that it invited arbitrary enforcement. Therefore, the decision held, federal sentencing courts may no longer enhance a defendant's sentence based on a prior conviction when that conviction qualifies as a "violent felony" only under the residual clause. *See Johnson*, 135 U.S. at 2555-60, 2563.

*Johnson* did not address either subsection (i) or the first line of subsection (ii) in § 924(e)(2)(B). Those provisions remain valid.

### B. 18 U.S.C. § 924(c)(3)

Chachanko challenges his conviction not under the ACCA but under 18 U.S.C. § 924(c)(1)(A) and (ii) for using or carrying and brandishing a firearm

4

during and in relation to a "crime of violence." The definition of a "crime of violence" in § 924(c)(3) is not identical to the definition of a "violent felony" in § 924(e)(2)(B), but it is similar:

> (3) For purposes of this subsection [§ 924(c)] the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The Court will assume, for the sake of argument, that the residual clause in § 924(c)(3)(*B*) is unconstitutionally vague for the reasons explained in *Johnson*. *See Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (holding the residual clause of 18 U.S.C. § 16(b), which is virtually identical to § 924(c)(3)(B), unconstitutionally vague under *Johnson*), *cert. granted*, No. 15-1498 (U.S. Sept. 29, 2016).[1]

But, even so, Chachanko's conviction and sentence under § 924(c) would still be valid if the "crime of violence" he committed "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of

---

[1] On June 26, 2017, the Supreme Court adjourned without deciding the case. It was reargued on October 2, 2017.

another." 18 U.S.C. § 924(c)(3)(*A*).

For the following reasons, Chachanko's conviction and sentence remain valid after *Johnson*.

### III. Analysis

#### A. Chachanko's Predicate Crime Was Hobbs Act Robbery

In the plea agreement, Chachanko acknowledged that he "committed the crime of interference with commerce by threats or violence as charged in Count II of the indictment." Plea Agreement (Doc. 47) at 5 ¶ 8. Count 2 charged that Chachanko "did unlawfully take and obtain personal property" from the Winner's Circle casino "against its will by means of actual and threatened force, violence, and fear of injury, immediate and future," to the business's property. Plea Agreement at 3 ¶ 6B (presumably quoting indictment);[2] *see also* 18 U.S.C. § 1951(b)(1) (defining robbery).

The predicate crime for Chachanko's conviction under § 924(c), therefore, is robbery as defined by the Hobbs Act. To prevail on his § 2255 motion, Chachanko must show that robbery under the Hobbs Act is not a "crime of violence."

#### B. Hobbs Act Robbery is a Crime of Violence

The parties agree that *United States v. Mendez*, 992 F.2d 1488 (9th Cir.

---

[2] Due to the age of the case, the Indictment is not available in the electronic record.

1993), is a relevant precedent. They disagree about what it means.[3] *Mendez* held that *conspiracy* to commit a Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(B). *See Mendez*, 992 F.2d at 1491-92. After *Johnson*, that conclusion is at least questionable.

But before considering the status of *conspiracy* to commit a Hobbs Act robbery, the *Mendez* court stated that a Hobbs Act *robbery* is a crime of violence under § 924(c)(3)(*A*). It said:

> Robbery indisputably qualifies as a crime of violence. *See* 18 U.S.C. § 1951(b)(1) (containing element of "actual or threatened force, or violence").

*Mendez*, 992 F.2d at 1491.

The parenthetical phrase describing robbery as containing an "element" of "actual or threatened force, or violence" refers to § 924(c)(3)(A)'s requirement that

---

[3] Although Chachanko asserts that "the analysis employed by the court in *Mendez* is no longer valid" after *Johnson*, *see* Mot. § 2255 (Doc. 93) at 14 n.5, he relies on *Mendez* to suggest the Hobbs Act is indivisible—that is, that it defines one crime with one set of elements and various means of meeting those elements. Chachanko quotes *Mendez*'s observation that the Hobbs Act "defines a crime using several permutations, any one of which constitutes the same offense." *Mendez*, 992 F.2d at 1490, *quoted in* Mot. § 2255 at 14. And, to show that a defendant can be convicted under the Hobbs Act even where there is *no* use or attempted or threatened use of physical force, he cites Hobbs Act extortion cases. *See* Mot. § 2255 at 15-16 (citing *United States v. Villalobos*, 748 F.3d 953 (9th Cir. 2014); *United States v. Sturm*, 870 F.2d 769 (1st Cir. 1989)). These cases are relevant to Chachanko's case only if *Mendez* dictates that literally all Hobbs Act "permutations" constitute "the same offense," so that robbery and extortion are two different means of committing the element of obtaining another's property by unlawful force or threats.

As explained below, *Mendez* has been treated and should be read to say that the Hobbs Act is divisible, and robbery and extortion are two different elements of a Hobbs Act violation or two different crimes under the Hobbs Act.

7

a crime of violence have, "as an element, the use, attempted use, or threatened use of physical force." *Mendez* was not a Hobbs Act robbery case, but its characterization of Hobbs Act robbery as a crime of violence under § 924(c)(3)(A) has been treated as binding precedent in the Ninth Circuit. *See, e.g., United States v. Howard*, 650 Fed. Appx. 466, 468 (9th Cir. 2016); *United States v. Allen*, 425 F.3d 1231, 1234 n.3 (9th Cir. 2005); *United States v. Shivers*, 172 F.3d 60, 1999 WL 77960 (9th Cir. Feb. 16, 1999) (unpublished mem. disp.).

A panel of the Ninth Circuit criticized *Mendez* because it announced the rule "without any analysis of the elements of robbery as defined in the Hobbs Act." *United States v. Chandler*, 743 F.3d 648, 658 (9th Cir. 2014), *vacated*, __ U.S. __, 135 S. Ct. 2926 (2015) (vacating and remanding in light of *Johnson*). *Mendez* might be "illogical" or "questionable." *Chandler*, 743 F.3d at 658. But, even if it is, that does not mean this Court can ignore it.

Under the Ninth Circuit's ruling in *Mendez*, a Hobbs Act robbery is a crime of violence under the force clause, § 924(c)(3)(A). *Johnson* has no bearing on § 924(c)(3)(A). If *Mendez* is still good law, it defeats Chachanko's § 2255 motion.

### C. As to Robbery, *Mendez* Remains the Law in the Ninth Circuit

Chachanko's conviction under § 924(c) is not subject to challenge if the portion of *Mendez* holding a Hobbs Act robbery to be a crime of violence under § 924(c)(3)(A) is still the law of the Ninth Circuit. Generally, a published decision

8

of the Ninth Circuit Court of Appeals is binding authority that "must be followed unless and until overruled by a body competent to do so." *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). Neither the Ninth Circuit nor the Supreme Court has overruled any part of *Mendez*.

But a published decision loses its precedential force when subsequent binding precedent has "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (quoting *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc); *Hart*, 266 F.3d at 1170; *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc), *overruled in part by Gonzalez*, 677 F.3d at 389 n.4). In that case, district courts must instead "consider themselves bound by the intervening higher authority and reject the prior opinion . . . as having been effectively overruled." *Gonzalez*, 677 F.3d at 389 n.4.

Because *Mendez* has not been overruled, the question is whether it is "clearly irreconcilable" with any of the more recent decisions that Chachanko invokes: *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016); *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013); *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*"); *Leocal v. Ashcroft*, 543 U.S. 1 (2003); and the various circuit decisions applying these cases. *See generally* Mot. § 2255 at 10-19.

### 1. *Mendez* Can Be Reconciled With *Mathis* and *Descamps*

*Mendez* was decided many years before the Supreme Court clarified, in *Descamps* and again in *Mathis*, that "the first task for a sentencing court faced with an alternatively phrased statute is . . . to determine whether its listed items are elements or means." *Mathis*, 136 S. Ct. at 2256. The distinction between elements and means is important because it indicates whether a particular statute indivisibly defines a single crime, merely citing different means of proving its elements, or, instead, whether a statute defines more than one crime, each with its own discrete set of elements. Whether a statute defines one crime that can be committed by various means or two or more crimes with different elements matters a lot in categorical analysis; *every* means of committing a particular crime must qualify as a "crime of violence" if *any* means of committing it is to be one. *See Mathis*, 136 S. Ct. at 2248-49, 2256; *Descamps*, 133 S. Ct. at 2276, 2281; *Almanza-Arenas v. Lynch*, 815 F.3d 469, 476-79 (9th Cir. 2015) (en banc); *Ramirez v. Lynch*, 810 F.3d 1127, 1134-38 (9th Cir. 2016). When a statute is divisible, therefore, not every conviction incurred under the statute must have the use or attempted or threatened use of physical force as an element.

As related to the Hobbs Act, for instance, if the Act is indivisible, every instance of violating the Act must involve force. And plainly it doesn't; extortion under color of official right, for instance, is committed by inducing a victim to part with property by wrongfully threatening to use an office to the victim's detriment.

10

Force need not be involved. *See* 18 U.S.C. § 1951(b)(2). But if the Hobbs Act is divisible—say, into robbery or extortion—then a Hobbs Act robbery might be a "crime of violence" while a Hobbs Act extortion is not.

*Mendez* contains some language suggesting the Hobbs Act is indivisible. The court says the Act "defines a crime using several permutations, any one of which constitutes *the same offense*." *Mendez*, 992 F.2d at 1490 (emphasis added). Taken literally, this statement would seem to mean that § 1951(a) is indivisible, at least as to some of the terms used in the subsection.

But the reasoning of the opinion suggests this statement should not be taken literally:

> A person may be convicted for violating § 1951 if he interferes with interstate commerce by robbery, extortion, attempting or conspiring to rob or extort, or committing or threatening violence in furtherance of a plan or purpose to violate the statute. Thus the question arises whether every permutation of § 1951 must be a "crime of violence" to find categorically that a § 1951 offense is a "crime of violence," or whether a categorical finding requires only that the particular permutation for which the defendant is convicted be a "crime of violence."

*Id*. In other words, although it did not use the same terms as *Descamps* and *Mathis*, *Mendez* clearly considered whether § 1951(a) defined multiple crimes— robbery, extortion, conspiracy to commit robbery, and so forth—or whether it defined one crime—viz., interference with commerce by wrongful use of force or threats.

11

Further, *Mendez* concluded that the Hobbs Act defines more than one crime. The court stated that, "where a defendant has been convicted under a statute describing *crimes* [plural] of both violence and non-violence, we need only find that the charged crime for which the defendant was convicted constitutes a 'crime of violence' to conclude categorically that the charged offense may serve as a predicate for a § 924(c) violation." *Mendez*, 992 F.2d at 1491. The court went on to discuss only robbery, not extortion, and it considered robbery and conspiracy to rob separately. Since the court did not consider extortion at all, it necessarily (albeit implicitly) concluded it *did not matter* whether extortion was a crime of violence or not.

Therefore, *Mendez* tacitly held that § 1951(a) of the Hobbs Act is divisible and that robbery *and* extortion *and* conspiracy to commit robbery are separate crimes. *See Mendez*, 992 F.2d at 1490-91 (discussing *United States v. Potter*, 895 F.2d 1231 (9th Cir. 1990) (construing Cal. Penal Code § 261(a)(2)), and *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990) (construing first and second paragraphs of 18 U.S.C. § 2113(a)); *see also Callanan v. United States*, 364 U.S. 587, 595-97 (1961) (holding that Hobbs Act conspiracy is separate crime from substantive offenses but declining to consider whether the "repetitive" nature of "some of the substantive sections" indicates they are "variants in phrasing of the same delict").

If *Mendez* had reasoned or assumed that some robberies under the Hobbs Act may be violent and others non-violent, it would indeed be irreconcilable with *Mathis* and *Descamps*. But it is only necessary to translate *Mendez*'s terms into the contemporary terminology and read the opinion as holding, in part, that 18 U.S.C. § 1951(a) is divisible. *Mathis* and *Descamps* do not "undercut the theory or reasoning underlying [*Mendez*] in such a way that the cases are clearly irreconcilable." *Gonzalez*, 677 F.3d at 389 n.4.

### 2. *Mendez* Can Be Reconciled With *Johnson I* (2010)

*Johnson I* holds that a crime cannot be characterized as a "violent felony" unless its elements require proof the defendant used "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140 (emphasis in original). A crime that may be proved by showing only a use of "force" in the common-law sense, which includes a mere offensive touch, does not require "violent force" and so cannot be a "violent felony." *Id.* at 139.

Every federal appellate court that has considered the issue after *Johnson I* has held that a Hobbs Act robbery necessarily requires proof of the use or attempted or threatened use of physical force against the person or property of another within the meaning of § 924(c)(1)(A). *See, e.g., United States v. Rivera*, 847 F.3d 847, 848-49 (7th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 290-92 (6th Cir.), *cert. denied*, No. 16-9008 (U.S. June 5, 2017); *United States v. Hill*,

832 F.3d 135, 138-39 (2d Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *In re St. Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016). As the United States points out, the traditional concept of robbery is closely related to physical violence. Black's Law Dictionary "defines 'physical force' as '[f]orce consisting in a physical act, esp. a violent act directed *against a robbery victim.*" Resp. to § 2255 Mot. (Doc. 98) at 14 (quoting *Johnson I*, 559 U.S. at 139 (emphasis added) (quoting *Black's Law Dict.* 717 (9th ed. 2009)). The current federal generic definition of robbery does not mention force per se, but it consists of "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving *immediate danger* to the *person.*" *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008) (emphasis altered) (quoting *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006), *abrogated in part by United States v. Rodriguez*, 711 F.3d 541, 554-55 (5th Cir. 2013) (en banc)).

Seeking to avoid the weight of this authority, Chachanko cites cases interpreting statutes containing similar language and holding that a *de minimis* use of force satisfies their "use of force" elements. *See, e.g., United States v. Parnell*, 818 F.3d 974, 978-82 (9th Cir. 2016).[4] But Chachanko does not cite a case, and

---

[4] One such case is—or was—*United States v. Jones*, 830 F.3d 142, No. 15-1518-cr (2d Cir. July 21, 2016). At the time Chachanko filed his reply brief, the case held that a conviction for first-degree robbery under New York law, which is similar to the Hobbs Act, was no longer a

14

the Court is not aware of one, holding that a purse-snatching type of robbery—for instance, running past a pizza delivery driver and grabbing a collection pouch out of his hands—meets the definition of a Hobbs Act robbery. If and when that happens, *Mendez* might no longer be reconcilable with *Johnson I*. *See Howard*, 650 Fed. Appx. at 468 n.1 (citing *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014), and reserving the issue). But, so far as Chachanko can show, that day has not arrived.

Chachanko also cites cases sustaining convictions for *extortion* under the Hobbs Act where no violent physical force is involved. *See* Mot. § 2255 at 15-16 (citing *United States v. Villalobos*, 748 F.3d 953 (9th Cir. 2014); *United States v. Sturm*, 870 F.2d 769 (1st Cir. 1989)). One can argue that the Hobbs Act's definitions of robbery and extortion overlap with each other and differ significantly from traditional definitions. Hobbs Act robbery reaches the act of taking another's property by threatening future injury to the property of an absent family member. That is more typical of extortion than robbery. *See, e.g.*, 3 Wayne R. LaFave, *Substantive Criminal Law* § 20.3(a) intro., at 172-73 (2d ed. 2003); § 20.3(d), at

---

"crime of violence" under the career offender guideline, U.S.S.G. § 4B1.2(a). *See Jones*, No. 15-1518-cr, Opinion (Doc. 96-1) at 19 (2d Cir. July 21, 2016). But the United States petitioned for rehearing, both on the court's reasoning as to the degree of force under *Johnson I* and as to the application of *Johnson II* to the Sentencing Guidelines. *See generally* U.S. Pet. for Reh'g (Doc. 108), *Jones*, No. 15-1518-cr (2d Cir. filed Sept. 13, 2106). The court subsequently withdrew its opinion. *See Jones*, 838 F.3d 296 (2d Cir. Oct. 3, 2016). It is now available only in the electronic record of the case in Pacer.

186-87; 20.4(a)(4) & n.16 at 200-03; § 20.4(b), at 203-04 & n.31.1 (2d ed. 2003 & Supp. 2016-2017) (citing *Becerril-Lopez*, 541 F.3d at 891). But the difference between Hobbs Act robbery and Hobbs Act extortion lies in robbery's requirement that the defendant take or obtain property "from the person or in the presence of another" and "against his will," by means that may include actual or threatened force, violence, or "fear of injury." The quoted phrases—none of which appear in the definition of extortion—show that physical force is *always* involved in robbery, a fact that distinguishes robbery from extortion under the Hobbs Act.

*Johnson I* is not "clearly irreconcilable" with the *Mendez* court's holding that Hobbs Act robbery has, as an element, the use or attempted or threatened use of physical force against the person or property of another.

### 3. *Mendez* Can Be Reconciled With *Leocal*

Finally, Chachanko argues that the Hobbs Act fails to meet the *mens rea* requirement of *Leocal v. Ashcroft*, 543 U.S. 1 (2003). Analogizing bank robbery under 18 U.S.C. § 2113 to the Hobbs Act, *see United States v. Holloway*, 309 F.3d 649, 651-52 (9th Cir. 2002), he also argues that intimidation would suffice to meet the elements of robbery and that intimidation requires only that the victim experience it, not that the defendant intend to cause it. *See* Mot. § 2255 at 16-18.

On these points, the Court disagrees. Intimidation facilitates a taking when it is perceived as a threat to use physical force. Chachanko is correct that a

16

victim's *perception* of a threat does not always mean the defendant *made* a threat. But the Hobbs Act requires proof that a defendant obtain property "*by* robbery or extortion." 18 U.S.C. § 1951(a) (emphasis added). The statute requires proof, in other words, of goal-driven behavior by the defendant, be it a deployment of force or violence or intimidating threat, for the purpose of compelling or inducing someone to give up property. Such conduct falls within the highest form of intent required by *Leocal*: the use (or attempted or threatened use) of violence or unlawful threats as a means to an end. *See Leocal*, 543 U.S. at 9. *Leocal* is easily reconciled with *Mendez*.

### D. Conclusion: Chachanko's Motion is Controlled By *Mendez*

As explained above, the question is whether *Mendez* is "clearly irreconcilable" with subsequent Supreme Court decisions. The answer to that question is at least "not clearly enough." Its manner of analysis may have been incomplete or even incorrect, but it is not so clearly incomplete or incorrect that this Court is bound to overlook it. Therefore, the Court must follow it.

Because *Mendez* holds that a Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), and because *Johnson* could only be pertinent to § 924(c)(3)(B), *Johnson* does not support relief for Chachanko. His § 2255 motion must be denied. There is no need to consider the United States' procedural defenses.

## IV. Certificate of Appealability

A certificate of appealability is not warranted. Even if *Mendez* is no longer good law, that fact would not help Chachanko to show that he was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). And even if § 924(c)(3)(B) is unconstitutional in light of *Johnson*, *Johnson* has no bearing on § 924(c)(3)(A) or *Mendez*.

Accordingly, IT IS HEREBY ORDERED:

1. Chachanko's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 93) is DENIED;

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Chachanko files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 16-96-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Chachanko.

DATED this 28th day of November, 2017.

Susan P. Watters
United States District Court